UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 20-04307-AB (Ex) | Date: September 17, 2020 |

Title: S.T. v. Compton Unified School District, et al.

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Appearing  None Appearing

**Proceedings:** **[In Chambers] ORDER SUA SPONTE REMANDING CASE BACK TO STATE COURT**

The Court has reviewed Plaintiff's Response (Dkt. No. 17) to the court's Order to Show Cause Why Case Should Not Be Dismissed Pursuant to the First Filed Rule (Dkt. No. 16). Therein, Plaintiff contends that the Court lacks subject matter jurisdiction over this action and therefore cannot dismiss it but must instead remand it to the state court from which Defendants removed it. Plaintiff points out that although Defendants' Notice of Removal alleges subject matter jurisdiction based on federal question, the Complaint actually alleges no federal question.[1]

---

[1] It is puzzling that Plaintiff failed to bring a motion for remand and instead raised the jurisdictional issue only when prompted by the Court's OSC. According to Plaintiff's Response, they filed this action in state court and intentionally omitted federal claims (rendering the case ineligible removal) specifically to ensure that certain defendants could not claim 11th Amendment immunity from suit in federal court.

Upon review, the Court finds that it lacks subject matter jurisdiction over this action. Removal pursuant to § 1331 "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2424, 2429 (1987).

Here, the Notice of Removal states, "Plaintiff's complaint on its face alleges six causes of action, four of which assert violations of Americans with Disabilities Act ('ADA'), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act." *See* Not. Removal (Dkt. No. 1) ¶ 5. However, the Complaint alleges no claims for violation of the ADA or the Rehabilitation Act. Rather, Plaintiff alleges an Unruh Act claim, three claims under the California Education and Government Codes, and two claims for negligence. All of these are state law claims. Although the Unruh Act and Education and Government Code claims are premised on violations of the ADA and/or the Rehabilitation Act, this does not give rise to a federal question. "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002) (affirming dismissal of plaintiff's California Disabled Person's Act cause of action because it "does not arise under federal law even though it is premised on a violation of federal law," i.e., the ADA); *accord Pizarro v. CubeSmart*, No. CV 14-5106 FMO PLAX, 2014 WL 3434335, at *2 (C.D. Cal. July 11, 2014).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir.2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Washington v. United Parcel Serv., Inc.*, 2009 WL 1519894, *1 (C.D.Cal.2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte ).

Contrary to Defendants' representation in the Notice of Removal, Plaintiff's well-pleaded complaint does not assert claims under the ADA or the Rehabilitation Act. Nor is any other federal claim alleged. Nor is there diversity jurisdiction in this case. The Court therefore lacks subject matter jurisdiction over this action and **SUA SPONTE REMANDS** it to the state court from which Defendants improperly removed it.   **IT IS SO ORDERED**.